IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-02044-GPG

FRANCES M. SCOTT, and JOHN
DOES 1-25,

     Plaintiffs,

v.

EDWARD LEVY,
ATLAS LAW FIRM, P.C.,
DEBTBUSTERS, P.C.,
DOMINIC RYALS,
DAVID FURTADO,
FURTADO LAW FIRM L.L.C.,
WESTERFIELD & MARTIN, L.L.C.,
ZACHARY WESTERFIELD,
LOGAN MARTIN,
TONY SPURLOCK,
JAMES LAKOMY,
DEPUTY ROTHERHAM,
DEPUTY HAVAVAN,
DOUGLAS COUNTY DEPUTY TO BE NAMED,
JAY GRANT, and
JOHN DOES 21-75,

     Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

---

     Plaintiff, Frances M. Scott, is an inmate at the Denver County Jail in Denver,

Colorado.   Ms. Scott initiated this action by filing *pro se* a pleading titled "Conspiracy to

Deprive Plaintiff(s)' Life, Liberty and Property Without Due Process" (ECF No. 1).   On

August 28, 2018, Ms. Scott filed on the proper form a Prisoner Complaint (ECF No. 7).

     The court must construe the Prisoner Complaint liberally because Ms. Scott is not

represented by an attorney.   *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).   However, the court should not be an advocate for a *pro se* litigant.   *See Hall*, 935 F.2d at 1110.   For the reasons stated below, Ms. Scott will be ordered to file a second amended complaint if she wishes to pursue any claims in this action.

The court has reviewed the Prisoner Complaint and finds that the Prisoner Complaint does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.   The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).   The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes.   *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."   The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."   Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.   Prolix, vague, or unintelligible pleadings violate Rule 8.

Ms. Scott asserts eight claims for relief primarily contending Defendants have

violated various state and federal criminal statutes.   Ms. Scott also claims her federal constitutional rights have been violated.   In addition to claiming her own rights have been violated, Ms. Scott also asserts claims on behalf of other individuals.   The claims apparently arise out of proceedings initiated against Ms. Scott in the Denver District Court that have resulted in a judgment as well as the efforts to collect on the judgment. Although not entirely clear, Ms. Scott may have appealed from the final judgment to the Colorado Court of Appeals.   As relief in this action Ms. Scott seeks damages, an emergency stay of all collection proceedings related to the Denver District Court judgment, an order to return five jointly owned vehicles, immediate release from jail, expungement of any records of her incarceration, and an order directing Defendants to cease and desist contacting and harassing various individuals and businesses.

The Prisoner Complaint is deficient for a number of reasons.   First, Ms. Scott may not assert claims on behalf of other individuals or entities.   Pursuant to 28 U.S.C. § 1654, "the parties may plead and conduct their own cases personally or by counsel . . . ." Therefore, Ms. Scott may raise only her own claims in the second amended complaint she will be ordered to file.

Second, Ms. Scott lacks standing to pursue her claims that Defendants have violated various criminal statutes.   Courts universally endorse the principle that private citizens cannot prosecute criminal actions.   *See, e.g., Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989) (per curiam); *Connecticut Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 86-87 (2d Cir. 1972) ("It is a truism, and has been for many decades, that in our federal system crimes are always prosecuted by the Federal Government, not as has

sometimes been done in Anglo-American jurisdictions by private complaints."); *Winslow v. Romer*, 759 F. Supp. 670, 673 (D. Colo. 1991) ("Private citizens generally have no standing to institute federal criminal proceedings.").   In addition, most of the criminal statutes Ms. Scott references do not provide a private right of action for damages.   *See, e.g., Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007) (dismissal of claims alleging violations of criminal statutes proper if criminal statutes do not provide for a private right of action).   To the extent Ms. Scott may be asserting a civil RICO claim, she fails to allege specific facts that demonstrate she has suffered "a personal injury arising from the use or investment of racketeering income."   *Peterson v. Shanks*, 149 F.3d 1140, 1145 (10th Cir. 1998); *see also* 18 U.S.C. § 1964(c), § 1962.

Third, Ms. Scott may not assert in this action any claims seeking release from custody because her sole federal remedy for such a claim is a writ of habeas corpus. *See Preiser v. Rodriguez*, 411 U.S. 475, 504 (1973) (holding that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus").   If Ms. Scott wishes to pursue any habeas corpus claims in this Court after exhausting state remedies, she must file an application for writ of habeas corpus on the proper form and she must name a proper Respondent.

Fourth, to the extent Ms. Scott may be asking this court to review and reverse a final state court judgment, the Court may not do so because the *Rooker-Feldman* doctrine provides that federal courts, other than the United States Supreme Court, lack jurisdiction

to adjudicate claims seeking review of state court judgments.   *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923).   In essence, the *Rooker-Feldman* doctrine precludes "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."   *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *see also Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994) (stating that the losing party in a state court proceeding is generally "barred from seeking what in substance would be appellate review of the state court judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.").   Review of the state court judgment must proceed to the state's highest court and then to the United States Supreme Court pursuant to 28 U.S.C. § 1257.   *See Facio v. Jones*, 929 F.2d 541, 543 (10th Cir. 1991).   If the state court judgment is not final, the court must abstain from exercising jurisdiction over Ms. Scott's claims asking the court to intervene in ongoing state proceedings pursuant to *Younger v. Harris*, 401 U.S. 37, 44 (1971).

Fifth, even assuming Ms. Scott is asserting claims that are not barred either by the *Rooker-Feldman* doctrine or the *Younger* abstention doctrine, she fails to provide a clear and concise statement of the claims she is asserting.   For each claim she is asserting Ms. Scott must explain, clearly and concisely, "what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."   *Nasious v. Two*

*Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).   "It is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis."   *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957).   Furthermore, the general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."   *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Sixth, Ms. Scott is suing many improper Defendants for the alleged constitutional violations.   Section 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights."   *Conn v. Gabbert*, 526 U.S. 286, 290 (1999); *see also Wyatt v. Cole*, 504 U.S. 158, 161 (1992) ("[T]he purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails.").   Therefore, Ms. Scott may assert her constitutional claims only against persons who acted under color of state law.   It does not appear that any of the named Defendants, other than the Douglas County Sheriff and deputy sheriffs, were acting under color of state law.

For all of these reasons Ms. Scott will be ordered to file a second amended complaint.   Pursuant to Rule 5.1(c) of the Local Rules of Practice of the United States District Court for the District of Colorado – Civil, "[i]f not filed electronically, an unrepresented prisoner or party shall use the procedures, forms, and instructions posted

on the court's website."   Therefore, Ms. Scott will be directed to file her second amended

complaint on the court-approved Prisoner Complaint form.   Accordingly, it is

ORDERED that Ms. Scott file, **within thirty (30) days from the date of this**

**order**, a second amended complaint as directed in this order.   It is

FURTHER ORDERED that Ms. Scott shall obtain the court-approved Prisoner

Complaint form (with the assistance of her case manager or the facility's legal assistant),

along with the applicable instructions, at www.cod.uscourts.gov.   It is

FURTHER ORDERED that, if Ms. Scott fails to file a second amended complaint

that complies with this order within the time allowed, the action will be dismissed without

further notice.

DATED September 17, 2018, at Denver, Colorado.

BY THE COURT:

_____
Gordon P. Gallagher
United States Magistrate Judge