FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO
2018 OCT 15 AM 11:58
JEFFREY P. COLWELL
CLERK
BY_____ DEP. CLK

United States District Court
Colorado

FRANCES M. SCOTT, et al
　Plaintiffs

18-CV-02044 GPG

v.

EDWARD LEVY, et al
　Defendants

October 3, 2018

## Motion for Writ of Habeas Corpus,
as set forth in September 18, 2018 ORDERS to Amend Complaint

Now comes Frances M. Scott, living authorized representative of Plaintiff, Frances M. Scott, pro se, respectfully moves the Court to issue a Writ of Habeas Corpus to bring the living representative, Frances M. Scott before the court forthwith.

## Statement of Facts in Support of Motion

Presented by Special Appearance of Frances M. Scott,
1. Frances, living authorized representative of Plaintiff Scott

1. Frances M. Scott, living is currently incarcerated in the Denver County Jail, since July 6, 2018 and is unable to post the excessive bail of $20,000 all cash.

2. Denver District Court has continued to proceed, under color of law,

2. ~~Fra~~ without proof of jurisdiction by defendant Edward Levy after subject matter & personal jurisdiction were properly raised and challenged.

3. Subject matter jurisdiction and personal jurisdiction were properly raised and challenged on May 21, 2018, June 6, 2018, and June 12, 2018, just prior to threats by the Denver District Court to arrest and hold Frances Moorer Scott and Plaintiff Galen L. Amerson under $20,000 bail each, for alleged contempt.

4. Defendant Edward Levy, principle for defendants ATLAS LAW Firm, P.C. and DEBTBUSTERS, has not, at the time of this filing, October 3, 2018, proven either subject matter or personal jurisdiction, with uncontroversial evidence, as the plaintiffs must provide. *McNutt v. GMAC*, 298 US 178 and *Maxfield's Lessee v. Levy* 4 US 308. and *Loos v. American Energy Savers, Inc.*, 168 Ill.App 3d 588, 522 N.E. 2d 841 (1988), therefore sanctions/arrest cannot be imposed.

5. "Even though *there is no discretion to ignore the lack of jurisdiction,*" *Joyce v. US*, 474 F2d 215; the Denver District Court has ordered the incarceration of Plaintiffs representative Frances M. Scott, alledging contempt of Court for refusing to sign over the title to a vehicle owned in part personally and in majority by BOS Inc. a Colorado Corporation who is a stranger to the action and has no obligation for the alleged obligation.



6. All the proceedings of the Denver District Court are and have been without jurisdiction, since at least May 21, 2018. "A universal principle as old as the law is that proceedings of a court without jurisdiction are a nullity and its judgments therin without effect either on person or property." Norwood v. Renfield, 34 C 329; Ex Parte Giamtonini, 49 P. 732.

7. Denver District Court's attempts to rule on its own jurisdiction cannot cure the lack of jurisdiction. "A court has no jurisdiction to determine its own jurisdiction, for a basic issue in any case before a tribunal is its power to act, and a court must the authority to decide that question in the first instance." Rescue Army v. Municipal Court of Los Angeles, 171 P2d 8; 331 US 549, 91 L. ed, 666, 67 S.Ct. 1409

8. Plaintiffs basis for challenging subject matter jurisdiction is based in the denial of due process. "Where a court failed to observe safeguards, it amounts to denial of due process of law; the Court is deprived of "jurjuris." Merritt v. Hunter, C.A. Kansas 170 F2d 739.

9. Plaintiff(s) have been mightily harmed by the proceedings of the Denver District Court's actions under color of law; moved and directed solely by defendants

Atlas Law Firm, P.C., Debtbusters, P.C. and Edward Levy, principle, as well as aforementioned's cocounsel, defendants David Furtado, Dominic Ryals and Furtado Law Firm L.L.C.; in fact Plaintiff(s) lives have been deliberately and completly obliterated and destroyed.

10. Defendants Atlas Law Firm, P.C. and Edward Levy, filed a directly related case in Jefferson County District Court, 2018CV30922, which lacks jurisdiction and is acting under color of law as a direct result of the case being an attempt to enforce the Denver District Court case, Null and void judgment.

11. THEREFORE, Frances M. Scott, living requests the Court Grant an ex Parte, expedited Writ of Habeas Corpus and as much remedy as possible at this time to recover and provide remedy for the harm done and losses suffered by Plaintiffs as a result of Denver District Court and Jefferson County District Court acting without and outside of jurisdiction, under color of law, as follows:

    a- Reimbursement of:

        i) Plaintiff Amerson's lost wage, benefits and insurance* Approx $569,000.

\* job loss is permanent - Court orders may reverse loss -

        ii) Plaintiffs five (5) vehicles returned and/or restitution made and damages repaired.

        iii) reimbursement of all money taken from any/all banks of/from Plaintiffs and/or interested party BOS Inc.

        iv) Orders to return three (3) dogs, and money to pay for their care during incarceration
4 of 6

v) Reimbursement of $5,600 of loss damage deposits on rented home

vi) Payment for July, August, & September rent at $2800/mo to Tom Rich. ($8,400.00)

vii) Payment of storage unit rent and fees for 4 units, July, August, September & October

viii) ORDERS to VOID, expunge and SEAL all,
    a - Warrants
    b - Writs of Garnishment
    c - Notices of Levy
    d - Writs of Assistance
    e - ORDERS to use force, up to taking Plaintiffs lives (Douglas, ElPaso & Centennial)
    f - ORDERS to seize BoS Inc property and personal property
    g - settlements and alleged agreements with BoS Inc shareholders, officers and alleged shareholders
    h - surrender all data; personal, corporate, banking, social security, IRS, etc. and all copies thereof, including harddrives, mobile drives and mobile devices to this court.

ix) ORDERS to release Frances M. Scott, living from Denver County Jail and pay $100/day for incarceration as follows
    a) $4,900 to Plaintiff America's C. of b. living representative

b) $9,900 (estimate), to Plaintiff Scott's living authorized representative)

x) Orders to Dismiss w/ prejudice Denver District Court case 2017CV30158 & Jefferson District 2018CV30922.

And any other remedy this court may deem appropriate at this time.

Submitted the 3rd day of October, in the year of our LORD 2018.

without prejudice

by: _Frances M. Scott_, Frances M. Scott, living, authorized representative
all rights reserved      of Plaintiff FRANCES M. SCOTT, trust.

## Certificate of Service

I certify I sent an exact copy of the foregoing to the following by USPS 1st Class mail on Oct 3, 2018:

United States District Court

Denver County District Court, The HON. JUDGE JAY GRANT

Denver County District Court, The HON. JUDGE KANdace Gerdes

October 3, 2018

/s/ _Frances M. Scott_   6 of 6
all rights reserved

United States District Court for
Colorado

FRANCES M. SCOTT, et al          18-CV-02044 GPG
    Plaintiffs

v

EDWARD LEW, et al               October 1, 2018
    Defendants

ORDER for TRANSPORT

ORDER OF THE COURT, the Motion for Writ of Habeas Corpus is hereby GRANTED and ORDERED that Frances M. Scott, living authorized representative of Plaintiff FRANCES M. SCOTT, be transported by United States Marshalls, or other designee of the United States District Court, and deliver Frances M. Scott, living before the Court without delay

Dated this _____ Day of October, in the year of our LORD, 2018.




                            Honorable Gordon P. Gallagher
                                Magistrate Judge