IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-02044-GPG

FRANCES M. SCOTT, and
JOHN AND JANE DOES 5-15,

    Plaintiffs,

v.

EDWARD LEVY,
DEBTBUSTERS, P.C.,
ATLAS LAW FIRM, P.C.,
DENVER COUNTY DISTRICT COURT, THE HON. JUDGE JAY GRANT,
DENVER COUNTY DISTRICT COURT, THE HON. JUDGE KANDACE GERDES,
JEFFERSON COUNTY DISTRICT COURT, THE HON. JUDGE LAURA A. TIGHE,
DOUGLAS COUNTY SHERIFF TONY SPURLOCK,
DOUGLAS COUNTY SHERIFF'S DEPUTY JAMES LAKOMY,
DOUGLAS COUNTY SHERIFF'S DEPUTY ROBERT ROTHERHAM,
DOUGLAS COUNTY SHERIFF'S DEPUTY RONALD HANAVAN,
DOUGLAS COUNTY SHERIFF'S DEPUTY MICHAEL ANDREW TRINDLE,
DOUGLAS COUNTY ATTORNEYS,
EL PASO COUNTY SHERIFF BILL ELDER,
PETER D. MENGES, and
JOHN AND JANE DOES 35-75,

    Defendants.

---

## ORDER OF DISMISSAL

---

Plaintiff, Frances M. Scott, is an inmate at the Denver County Jail in Denver, Colorado. Ms. Scott initiated this action by filing *pro se* a pleading titled "Conspiracy to Deprive Plaintiff(s)' Life, Liberty and Property Without Due Process" (ECF No. 1). On August 28, 2018, Ms. Scott filed on the proper form a Prisoner Complaint (ECF No. 7). On September 17, 2018, Magistrate Judge Gordon P. Gallagher ordered Ms. Scott to file a second amended complaint. Magistrate Judge Gallagher noted the Prisoner

Complaint was deficient because Ms. Scott may assert only her own claims for relief, she may not assert claims pursuant to criminal statutes that do not provide a private right of action for damages, the facts she alleges do not support a civil RICO claim, any claims seeking release from custody must be raised in a separate habeas corpus action after exhaustion of state remedies, any claims seeking review of a final state court judgment are barred by the *Rooker-Feldman* doctrine, the Court must abstain from intervening in ongoing state proceedings pursuant to *Younger v. Harris*, 401 U.S. 37 (1971), she fails to provide a clear and concise statement of her claims, and she may not assert § 1983 claims against individuals who are not acting under color of state law.   On October 15, 2018, Ms. Scott filed a Second Amended Prisoner Complaint (ECF No. 17).

The Court must construe the Second Amended Prisoner Complaint liberally because Ms. Scott is not represented by an attorney.   *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).   However, the Court should not be an advocate for a *pro se* litigant.   *See Hall*, 935 F.2d at 1110.   For the reasons discussed below, the action will be dismissed.

The Second Amended Prisoner Complaint does not comply with the pleading requirements of Rule 8.   The twin purposes of a pleading are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.   *See Monument Builders of Greater Kan. City, Inc. v. Am. Cemetery Ass'n of Kan.*, 891 F.2d 1473, 1480 (10th Cir. 1989); *see also Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (stating that a complaint "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed

him or her; and, what specific legal right the plaintiff believes the defendant violated.").

The requirements of Rule 8 are designed to meet these purposes.  *See TV Commc'ns Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).  Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."  Furthermore, the philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.  As a result, prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Ms. Scott fails to provide a short and plain statement of any claims that show she is entitled to relief.  She does not identify the particular claims she is asserting, against which Defendant or Defendants each claim is asserted, the specific factual allegations that support each claim, and what each Defendant did or failed to do that allegedly violated her rights.  For example, Ms. Scott's first claim for relief, entitled "Conspiracy With Courts to Deny Due Process," consists of the following ten paragraphs that the Court quotes verbatim without correcting or identifying errors in spelling, grammar, or punctuation:

> 1.   Defendants Levy, Atlas Law Firm, P.C. and Debtbustes, P.C. with Defendant Denver County District Court, the Hon. Judge Jay Grant, to deny plaintiff any chance of due process by having the Court affirm defendants unsupported claims, prior to any discovery in August 2017.
>
> 2.   Defendants Levy, et al, conspired with the Denver District Court and the Hon. Jay Grant to overtly threaten

> plaintiff, to lie to satisfy defendant Levy, et al, or have all answers to interrogatories changed, without any legal basis, by defendant Grant.
>
> 3. Defendants Levy, et al conspired with defendants Grant, Gerdes, Douglas County Sheriffs and Deputies, El Paso County Sheriff, and Menges to deprive Plaintiff of life, liberty and property without due process, outside and/or without jurisdiction.
>
> 4. Plaintiff was denied her right (paid for) a trial by jury on February 26, 2018, when Denver Court granted Summary Judgments, two (2) filed 8 weeks late, in favor of defendant Levy etal.
>
> 5. Plaintiff was denied meaningful discovery in pursuit of justice, including Motion to Compel wet ink contracts alleged to have been breached.
>
> 6. Plaintiffs challenge of jurisdiction continues to be unproven for the Court.   Court continues to "rule on it's own jurisdiction."
>
> 7. $63,400 judgment was granted as an unsubstantiated "sanction" well outside statute, based solely on what defendant Grant "felt," without any evidence or proof of the truth.
>
> 8. Defendant's Levy, et al was granted the ability to steal from plaintiff and others without consequences, therefore Levy's criminal actions have increased.
>
> 9. Defendant Levy, et al, along with Denver District Court Judges Grant and Gerdis have turned the court into a criminal enterprise, without limits.
>
> 10.   With the full cooperation of the Denver District Court has violated plaintiffs rights consistently.

(ECF No. 17 at 21-22.)   Ms. Scott's other claims in the Second Amended Prisoner Complaint similarly fail to provide a clear and concise statement of the claim being asserted.

The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005); *see also United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs."); *Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991) (vague and conclusory allegations that his rights have been violated does not entitle a *pro se* pleader to a day in court regardless of how liberally the pleadings are construed), *aff'd*, 961 F.2d 916 (10th Cir. 1992). "[I]n analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not [her] conclusory allegations." *Hall*, 935 F.2d at 1110.

Although it appears that many, if not all, of Ms. Scott's claims likely are barred by the *Rooker-Feldman* doctrine or that the Court must abstain from exercising jurisdiction pursuant to *Younger*, the Court will not rely on those doctrines because Ms. Scott fails to provide a clear and concise statement of the claims she is asserting. Instead, the Second Amended Prisoner Complaint will be dismissed for failure to comply with the pleading requirements of Rule 8.

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Plaintiff files a notice of appeal she also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth

Circuit within thirty days in accordance with Fed. R. App. P. 24.   Accordingly, it is

ORDERED that the pleading titled "Conspiracy to Deprive Plaintiff(s)' Life, Liberty and Property Without Due Process" (ECF No. 1), the Prisoner Complaint (ECF No. 7), the Second Amended Prisoner Complaint (ECF No. 17), and the action are dismissed without prejudice for failure to comply with the pleading requirements of Rule 8.   It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.   It is

FURTHER ORDERED that all pending motions are denied as moot.

DATED at Denver, Colorado, this   31st   day of    October     , 2018.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court